IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SAN MARINO SECURITIES, INC.,
MARK EAMES,
ROBERT EAMES,
AND GARTH POTTS,

    Defendants.

DEFAULT JUDGMENT
AND ENTRY OF
PERMANENT INJUNCTION
AGAINST GARTH POTTS

Civil No. 94CV 529G

It appearing to this Court that Plaintiff Securities and Exchange Commission (the "Commission"), having duly commenced this action by filing its Complaint for Permanent Injunction and Other Equitable Relief (the "Complaint"), defendant Garth Potts ("Potts") having failed to file an answer to the Complaint; the Commission having moved this Court for an Order of Default and a permanent injunction against the defendant Potts; the Commission having submitted memoranda and declarations in support of the motion, the Court having jurisdiction over the parties and the subject matter of this action; and the Court being fully advised in the premises, and there being no just reason for delay, THE COURT ORDERS, ADJUDGES AND DECREES:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Garth Potts and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, who receive actual notice of the judgment by personal service or otherwise, are permanently restrained and enjoined from, directly and indirectly, causing any broker or dealer by virtue of his or their control, to violate Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] and Rule 15b1-3 [17 C.F.R. 240.15b1-3] promulgated thereunder, in making use of any means or instrumentality of interstate commerce or of the mails, by effecting any transaction in, or inducing or attempting to induce the purchase or sale of any security in contravention of such sections and rules thereunder which set forth the registration and recordkeeping requirements for brokers and dealers.

II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Garth Potts and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, who receive actual notice of the judgment by personal service or otherwise, are permanently restrained and enjoined from, directly and indirectly, causing any broker or dealer by virtue of his or their control, to violate Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3 [17 C.F.R. 240.17a-3] promulgated thereunder, in making use of any means or instrumentality of interstate commerce or of the mails, by

effecting any transaction in, or inducing or attempting to induce the purchase or sale of any security in contravention of such sections and rules thereunder which set forth the registration and recordkeeping requirements for brokers and dealers.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Garth Potts and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, who receive actual notice of the judgment by personal service or otherwise, are permanently restrained and enjoined from, directly and indirectly, causing any broker or dealer by virtue of his or their control, to violate Section 15(c) of the Exchange Act [15 U.S.C. § 78o(c)] and Rule 15c3-1 [17 C.F.R. 240.15c3-1] promulgated thereunder, in making use of any means or instrumentality of interstate commerce or of the mails, by effecting any transaction in, or inducing or attempting to induce the purchase or sale of any security in contravention of such section and rule thereunder which sets forth net capital requirements for brokers and dealers.

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Garth Potts and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, who receive actual notice of the judgment by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, by use of the mails or any

means or instrumentality of interstate commerce, in connection with the purchase, offer or sale of securities of any issuer whatsoever, employing any device, scheme or artifice to defraud, making any untrue statement of material fact or omitting to state any material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading, obtaining money or property by means of any untrue statement of material fact or any omission to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person or other conduct of similar purport and object, in violation of Section 17(a)(1), (2), or (3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(1), (2), and (3)], or Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for all purposes, including the imposition of civil penalties pursuant to a motion to be filed by plaintiff, and the enforcement of this final judgment; and

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Final Judgment of Permanent Injunction shall be entered by the clerk of

the Court in favor of Plaintiff Securities and Exchange Commission and against the defendant Garth Potts.

There being no just cause for delay, the Clerk of the Court hereby is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to enter this FINAL JUDGMENT immediately and without further notice.

DATED January 13, 1998

J. Thomas Greene
United States District Judge